IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHRIS PARNELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-CV-456-WHA-CSC |
| | ) | [WO] |
| CHILTON COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro se* Plaintiff Chris Parnell, an inmate detained at the Chilton County Jail in Clanton, Alabama, filed this 42 U.S.C. § 1983 Complaint on August 1, 2022. On August 2, 2022, the Court entered an Order, a copy of which was mailed to Plaintiff. Doc. 3. On August 15, 2022, Plaintiff's copy of the August 2 Order was returned marked as undeliverable because Plaintiff is no longer detained at the last service address he provided.[1] Accordingly, by Order of August 15, 2022, the Court directed Plaintiff to file, by August 29, 2022, a current address or show cause why this case should not be dismissed for his failure to adequately prosecute this action. Doc. 4. The August 15 Order specifically advised Plaintiff this case could not proceed if his whereabouts remained unknown and informed him his failure to comply with its directives would result in the dismissal of this case. *Id*. Plaintiff's copy of the August 15, 2022, Order was returned to the Court on August 31, 2022, marked as undeliverable.

---

[1] The last service address of record for Plaintiff is the Chilton County Jail in Clanton, Alabama.

Because of Plaintiff's failure to comply with the Court's Orders, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.

It is ORDERED that by **September 15, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waive

the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 1st day of September 2022.

/s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE